IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

WAIEHU AINA, LLC,      )     CIV. NO. 06-00667 SPK-BMK
)
     Plaintiff,       )
)
    vs.         )
)
)
COUNTY OF MAUI,      )
)
     Defendants.      )
_____ )

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT
COUNTY OF MAUI'S MOTION TO COMPEL DISCOVERY

       Before the Court is Defendant County of Maui's Motion To Compel

Discovery.  Defendant County of Maui ("the County") filed the Motion on June

30, 2009.  Plaintiff Waiehu Aina, LLC ("Waiehu Aina") filed an Opposition on

July 6, 2009.  A hearing on the Motion was heard on July 8, 2009.  Subsequently,

Waiehu Aina submitted  to the Court for inspection the documents that are the

subject of the Motion.  Because attorney client privilege has been waived with

respect to those documents that were considered  by Plaintiff's expert witness in

forming his opinions, the County's Motion is GRANTED IN PART and DENIED

IN PART.

STANDARD OF REVIEW

1

The Federal Rules provide that an expert witness report "must contain
. . .(i) a complete statement of all opinions the witness will express and the basis
and reasons for them" and "(ii) the data or other information considered by the
witness in forming" those opinions.  Fed. R. Civ. P 26(a)(2)(B).  Courts have
widely held that the requirements of Rule 26(a)(2)(B) abrogate the protections
afforded communications and other information under the attorney-client and work
product privilege set forth in Rule 26(b)(4).  Sythes Spine Co., L.P. v. Walden, 232
F.R.D. 460, 463 (E.D. Pa. 2005)(" [T]he overwhelming majority of courts
addressing this issue have adopted a pro-discovery position, concluding that,
pursuant to Rule 26(a)(2)(B), a party must disclose all information provided to its
testifying expert for consideration in the expert's report, including information
otherwise protected by the attorney-client and work product privilege."); see also,
Pioneer Hi-bred Int'l, Inc., 238 F.3d 1370, 1375-76 (Fed. Cir. 2001).  The rule
requires the disclosure of all information "that a testifying expert generates,
reviews, reflects upon, reads and/or uses in connection with the formulation of his
opinions, even if the testifying expert ultimately rejects the information."  Sythes
Spine Co., 232 F.R.D. at 464.

## ANALYSIS

Tom Leuteneker represented Waiehu Aina at an earlier stage of the

present litigation, primarily in relation to Waiehu Aina's attempts to gain administrative approval for a land development plan.  Mr. Leuteneker is an attorney with more than forty years of experience in real estate litigation.  Waiehu Aina intends to call Mr. Leueneker to testify at trial as a real property expert.

The documents subject to the County's discovery request consist largely of communications between Mr. Leuteneker, David Singer, President of Waiehu Aina, other attorneys involved in the case, and County of Maui officials. After carefully reviewing the documents[1], the following documents are found to be related to the facts of the case and formulation of Mr. Leuteneker's opinions and therefore discoverable:

- **Document 1:**  Memo from Tom Leuteneker to Bob Strand re Def's discovery request; copy of 10-10-00 Goode letter; copy of subpoena
- **Document 3**: Memo from Tom Leuteneker to John Rapp re Tom Leuteneker's expert disclosure; draft of disclosure and materials relied upon
- **Document 4:** Memo to Gary Grimmer from Tom Leuteneker re description of case and trial representation
- **Document 7:** Emails between Tom Leuteneker, David Singer, SS re settlement meeting between David Singer and Madelyn D'enbeau, Milton Arakawa, and Glenn Ueno
- **Document 12:** Memo Tom Leuteneker to David Singer re County settlement offer
- **Document 17:** Letter David Singer to Tom Leuteneker re step necessary to develop property if accept County settlement offer; email David Singer to Stephen Street, Tom Leuteneker, Irene Anzai and David Shibata re proposed subdivision including draft map

---

[1]       The Court has numbered the documents for convenience of identification.

- **Document 19:** Email Tom Leuteneker to Irene Anzai re litigation and political strategy
- **Document 20:** Letter Tom Leuteneker to Irene Anzai re commentary on complaint
- **Document 22:** Tom Leuteneker to Cheryl Nakamura: Complaint with handwritten notes; copy of statutes
- **Document 23:** Letter Tom Leuteneker to Irene Anzai re suggestions on administrative exhaustion
- **Document 24:** Letter David Singer to Tom Leuteneker directing action to be taken regarding final decision and appeal
- **Document 25:** Letter David Singer to Tom Leuteneker directing action to be taken regarding final decision and appeal (Identical to Doc. 24)
- **Document 26:** Letter Tom Leuteneker to Irene Anzai re attempts to secure separate lot determination
- **Document 27:** Tom Leuteneker to David Singer: Stipulation for Dismissal of appeal
- **Document 28:** Emails between Irene Anzai and Tom Leuteneker regarding stip to dismiss and prior separate lot designations
- **Document 29:** Emails between Irene Anzai, David Singer and Tom Leuteneker re prior separate lot designations (incorporates part of Doc. 28)
- **Document 30:** Emails between Irene Anzai and Tom Leuteneker regarding prior separate lot designations (identical to part of Doc. 28)
- **Document 32:** Letter Tom Leuteneker to Cheryl Nakamura re exhaustion
- **Document 34:** Emails between Tom Leuteneker, David Singer and Cheryl Nakamura re County position on consolidation;  Emails between Tom Leuteneker, David Singer and Cheryl Nakamura re exhaustion
- **Document 35:** Emails between Tom Leuteneker, David Singer and Cheryl Nakamura re exhaustion (largely similar to Doc. 34)
- **Document 36:** Email Tom Leuteneker to David Singer re exhaustion (incorporated in Doc. 34)
- **Document 37:** Emails between Tom Leuteneker and David Singer re exhaustion (incorporated in Doc. 34)
- **Document 38:** Emails between Tom Leuteneker and David Singer re exhaustion and  representation

The following documents are found to be unrelated to the facts of the case and the

formulation of Mr. Leuteneker's opinions and are therefore found to be

undiscoverable under Fed. R. Civ. P. 26(b)(4):

- **Document 1:** Email from David Singer to Tom Leuteneker re interrogatories
- **Document 6:** Emails from Tom Leuteneker to David Singer and Pam Bunn re appraisal and water rights
- **Document 8:** Emails between Tom Leuteneker and David Singer re arranging meetings with Maui County Dept.
- **Document 9:** Email Tom Leuteneker to David Singer re trial schedule
- **Document 10:** Email Sandy Embernate to David Singer re pre-approval of subdivision
- **Document 11:** Email David Singer to Steven Street re County settlement offer
- **Document 13:** Memo Tom Leuteneker to Madelyn D'enbeau re terms for settlement; multiple prior drafts of memo; Goode letter; Aug 16, 2007 letter Madelyn D'enbeau to Steven Street re County settlement offer
- **Document 14:** Memo Tom Leuteneker to David Singer re County settlement offer; email Sandy Embernate to David Singer re memo
- **Document 15:** Memo Tom Leuteneker to David Singer re County settlement offer (identical to Doc. 14)
- **Document 16:** Memo Tom Leuteneker to David Singer re County settlement offer (identical to Doc. 14)
- **Document 18:** Email Tom Leuteneker to Irene Anzai re lot recognition; Irene Anzai to Tom Leuteneker re color coded property map
- **Document 21:** Complaint with corrections/editorial marks
- **Document 31:** Emails between Cheryl Nakamura, David Singer, Tom Leuteneker re complaint representation
- **Document 33:** Memo Martin Luna to Tom Leuteneker: three questions
- **Document 39:** Letter David Singer to Tom Leuteneker requesting comments; Memo David Shibata, Irene Anzai to David Singer re Governmnet road; Memo Irene Anzai to David Singer RE Evaluation of claims against County of Maui
- **Document 40:** Email Steven Street to Madelyn D'enbeau re interrogatories


CONCLUSION

5

For the foregoing reasons,  Defendant County of Maui's Motion To Compel Discovery is GRANTED IN PART and DENIED IN PART.  All the documents will be returned to Plaintiff's counsel.  Counsel is ORDERED to produce to the County those documents that the Court finds to be discoverable.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, August 5, 2009.



   /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge